```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEBRASKA

RAJINDER KAUR, Individually,     )
and BHUPINDER KAUR MALIK, as     )
Personal Representative of       )
the Estate of Rashpal Singh,     )
                                 )
            Plaintiffs,           )        4:08CV3216
                                 )
       v.                        )
                                 )
MAKHAN SHAN LUBANA TRUST, a      )        MEMORANDUM AND ORDER
California corporation,          )
SATNAM SINGH BUTTAR, an          )
Individual, and GHALLY           )
TRUCKING, LIMITED, a Canadian    )
business entity,                 )
                                 )
            Defendants.          )
                                 )
```

On its own motion, the court is considering whether diversity jurisdiction exists for this case.

The plaintiffs, Rajinder Kaur, individually, and Bhupinder Kaur Malik, as Personal Representative of the Estate of Rashpal Singh, filed suit against the defendants on August 8, 2008 in the District Court of Dawson County, Nebraska. The plaintiffs' state court complaint alleges that on August 9, 2006, Rashpal Singh, a California resident, was a passenger in a vehicle driven by Satpal Singh and owned by the defendant, Makhan Shan Lubana Trust, a California corporation. The plaintiffs allege Rashpal Singh was working in his capacity as an employee of the trust while riding in the vehicle.

Satpal Singh allegedly lost control of the vehicle, the vehicle turned on its side, and it landed in the left lane of interstate traffic. The plaintiffs claim Rashpal and Satpal Singh were not seriously hurt in this accident, but five or ten

minutes later, the disabled vehicle occupied by Rashpal and Satpal Singh was struck by a vehicle owned by defendant Ghally Trucking, Limited, and driven by defendant Satnam Singh Buttar. Ghally Trucking is allegedly a Canadian business with its principal place of business in Abbotsford, British Columbia; defendant Buttar is a resident of Canada. As a result of the collision with the Ghally Trucking vehicle, Rashpal and Satpal Singh were killed. The plaintiffs allege Rashpal Singh's death was caused by the negligence of Ghally Trucking, Limited and its employee, Satnam Singh Buttar. Filing No. 1. The plaintiffs have not alleged any negligence by or claim for recovery against Makhan Shan Lubana Trust.

Defendant Buttar removed the plaintiffs' action to this forum on October 24, 2008. Buttar claims the court has federal diversity jurisdiction.

The defendant's removal notice states:

-- Defendant Buttar was served no earlier than October 19, 2008.
-- "Ghally Trucking, Limited is a <u>limited corporation</u> organized under the laws of a state other than California with its principal place of business in Abbotsford, British Columbia, Canada." Filing No. 1, at CM/ECF p. 2, ¶ 5(b)(emphasis added).
-- The California Secretary of State's office lists the mailing address for the Trust as 9553 Priest Road, French Camp, California, 95231, the mailing address

2

>        listed for Rashpal Singh on the State Patrol accident
>        report.[1]
> --     Makhan Shan Lubana Trust is a California corporation
>        and was fraudulently joined as a defendant to avoid
>        federal diversity jurisdiction or, in the alternative,
>        must be re-aligned as a plaintiff based on an inference
>        that this defendant is named solely for purposes of
>        protecting a workers' compensation lien or similar
>        subrogation interest.

On February 26, 2009, the court entered an order requiring the plaintiffs to show cause why the named defendants who were not yet served, including the Makhan Shan Lubana Trust, should not be dismissed for lack of service.  The plaintiffs immediately filed returns of service showing the trust was served by certified mail sent to 9553 Priest Road, French Camp, California, 95231, on August 18, 2008, (filing no. 6), and Ghally Trucking, Limited was personally served by process server on October 15, 2008, (filing no. 7).  The court's order dated February 26, 2009 further required defendant Buttar to show that all defendants consented to removal.  On March 2, 2009, defendant Ghally Trucking, Limited filed a notice stating it joins in the removal.  Filing No. 8.  No consent to removal has been filed by Makhan Shan Lubana Trust, a named defendant.

If the trust is properly named as a defendant, and has not consented to removal, the court lacks diversity jurisdiction because Rashpal Singh was a California resident and the trust is a California entity.  Defendant Buttar claims, however, that the

---

[1]The exhibits C and D referenced in the notice of removal as supporting this claim were not attached to and filed with the notice.

3

Makhan Shan Lubana Trust was fraudulently joined as a defendant or has a claim for recovery of amounts adjudged owed to the plaintiffs by Buttar and Ghally Trucking and, as such, should be realigned as a plaintiff.  The plaintiffs have not responded to Buttar's claims of improper joinder or misalignment of parties, and they have not moved to remand the case.  Notwithstanding plaintiffs' failure to move for remand, the court has a duty to establish subject matter jurisdiction over a removed action sua sponte.  [United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004)](#).  The district court's duty to determine the existence of subject matter jurisdiction is not contingent upon the parties' arguments, and the plaintiffs' failure to object to removal cannot be interpreted as stipulating to the jurisdiction of this court.  [Mitchell v. Maurer, 293 U.S. 237 (1934)](#).

   With respect to assessing whether diversity jurisdiction exists, and whether the trust is a true defendant that must consent to removal, the court is devoid of any facts save one:  The plaintiffs' complaint does not assert any right or claim for recovery against the Makhan Shan Lubana Trust.  In determining whether a defendant has been improperly joined, the court's paramount consideration is whether a reasonable basis exists for the underlying state claim against the non-diverse defendant.  Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against that defendant.  [Menz v. New Holland North America, Inc., 440 F.3d 1002, 1004 (8th Cir. 2006)](#).  Since the plaintiffs' complaint mentions the Makhan Shan Lubana Trust, but fails to allege any factual allegations, legal theories, or claims for recovery against the trust, the court has a significant basis for concluding the trust was improperly named as a defendant, with one potential reason being an attempt to

4

avoid federal jurisdiction.  If the trust was not properly named as a defendant, its failure to consent to removal does not bar this court from exercising diversity jurisdiction. Ross v. Thousand Adventures of Iowa, Inc., 178 F.Supp. 2d 996, 999-1000 (S.D.Iowa 2001).  See also, Kinney v. Stevens Appliance Truck Co., 2006 WL 1026914, 4 (E.D. Mo. 2006).  Moreover, "nominal defendants, those 'against whom no real relief is sought,' need not join in the petition." Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002).

The court has an obligation to assess jurisdiction and defense claims of fraudulent joinder before remanding a case to the state court.  See, Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) ("[T]he court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant."). That process is thwarted, however, when the plaintiffs' complaint states no claim, and no facts to support a claim against the non-diverse defendant and, although possessing superior knowledge regarding their basis for naming a non-diverse entity as a defendant, the plaintiffs fail to apprise the court of information relevant to the jurisdictional inquiry.

The court has an obligation to exercise federal jurisdiction when it is properly invoked. Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 187 (1959).  In cases removed to federal court, the defendant bears the burden of proving the court has jurisdiction. Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).  The facts of record reveal no claim was alleged against Makhan Shan Lubana Trust, indicating the trust is not a proper defendant, a conclusion further buttressed by plaintiffs' silence

5

in the face of Buttar's claim of fraudulent joinder, and their failure to file a motion for remand.

However, since the court is considering this matter sua sponte, the plaintiffs should be afforded an opportunity to respond. Moreover, plaintiffs' counsel, as an officer of the court, is required to assist the court in determining whether jurisdiction exists.

> As officers of the court, lawyers who practice in federal court have an obligation to assist the judges to keep within the boundaries fixed by the Constitution and Congress; it is precisely to impose a duty of assistance on the bar that lawyers are called "officers of the court." Lawyers also owe it to the judge and the opposing lawyer to avoid subjecting them to the burdens of a lawsuit that they know or think may eventually be set at naught, and have to be started over again in another court, because of a jurisdictional problem of which the judge and the opposing lawyer may be unaware.

BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 551 (7th Cir. 2002).

The plaintiffs will be ordered to file evidence and a supporting brief explaining why the trust was named as a defendant and the basis of any claim the plaintiffs may be asserting against the trust. Absent such information, the court will assume the plaintiffs admit Makhan Shan Lubana Trust was named as a defendant in their state court complaint, but at the time the complaint was filed and at the time of removal, the plaintiffs were not, and had no reasonable basis for alleging a liability claim against the trust.

The court further notes that defendant Buttar's notice of removal describes defendant Ghally Trucking as a "limited

6

corporation" organized under the law of a state other than California with its principal place of business in British Columbia.  The "limited corporation" structure of Ghally Trucking is unknown under the facts alleged.  Defendant Buttar's allegations are sufficient to allege the citizenship of a corporation, but would not be sufficient if Ghally Trucking is a limited liability company.  For the purposes of determining diversity federal jurisdiction, the citizenship of a limited liability company is based on the citizenship of its members. GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004).  Defendants Buttar and Ghally Trucking will be required to file a brief and, if appropriate, evidence clarifying the "limited corporation" status of Ghally Trucking, and if it is subject to the ruling set forth in GMAC Commercial Credit, must file an amended notice of removal alleging the citizenship of its members/owners.  If Ghally Trucking concludes an amended notice is not required, its brief shall explain the basis for reaching that conclusion.

    IT THEREFORE HEREBY IS ORDERED:

1.  On or before May 18, 2009, the plaintiffs shall file a brief and, if appropriate, evidence explaining why Makhan Shan Lubana Trust was named as a defendant and the basis of any claim the plaintiffs may be asserting against this named defendant.  The absence of any response will be construed as an admission that at the time their complaint was filed and at the time of removal, the plaintiffs were not and had no reasonable basis for alleging a liability claim against the Makhan Shan Lubana Trust.

2.  On or before May 18, 2009, defendants Buttar and Ghally Trucking will be required to file a brief and, if appropriate, evidence clarifying the "limited corporation" status of Ghally Trucking, an amended notice of removal alleging the citizenship of Ghalley Trucking's members/owners, or if no such amended notice

7

      is required, a brief explaining Ghalley Trucking's position.

3. Any responsive briefs shall be filed on or before June 1, 2009.

4. Reply briefs shall not be filed absent leave of the court for good cause shown.

DATED this 5th day of May, 2009.

                BY THE COURT:

                s/ *David L. Piester*
                David L. Piester
                United States Magistrate Judge